IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ADOLFUS O'BRYAN GILES, : | |
| : | |
| Plaintiff, : | CASE NO. |
| v. : | 3:12-cv-65 (CAR) |
| : | |
| PHOENIX RECOVERY GROUP INC., : | |
| as assignee of Sears National Bank, : | |
| BRIDGERS, PETERS, KLEBER, : | |
| ATTORNEYS AT LAW, DANIEL F. : | |
| BRIDGERS, and SEARS ROEBUCK AND : | |
| CO., : | |
| : | |
| Defendants. : | |

### ORDER

Currently before the Court are two motions filed by Plaintiff Adolphus Giles: Motion for the Defendants to Follow Rule 5 of Federal Rule [sic] of Civil Procedure [Doc. 50] and Motion for Treble (Triple) Damages for the Third Amended Complaint [Doc. 62]. In addition, there are two Motions to Dismiss filed by Defendant Sears Roebuck and Co. ("Sears") [Doc. 38] and Defendants Phoenix Recovery Group Inc., Daniel Bridgers, and Bridgers, Peters, Kleber Attorneys at Law [Doc. 47]. Having considered each motion and the various responses and replies thereto, the Court **GRANTS** Defendants' motions to dismiss and **DISMISSES as moot** Plaintiff's motions.

1

**Background**

Plaintiff initially filed his complaint on May 18, 2012, alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. Plaintiff's basic allegations are that in 2005, he received information from Defendants for the purpose of collecting a debt involving a Sears credit card, and that he attempted to dispute the debt. Plaintiff also alleges that a judgment was entered against him in state court for the amount of the debt, which he was not aware of until spring 2012. Plaintiff further alleges that the Defendants' debt collection efforts caused him stress and led to the loss of his job in 2005. Plaintiff has since amended his complaint four times [Docs. 11, 16, 22, and 61]. Although difficult to decipher, each version alleges the same claims and same facts, and changes only party names or adds statements regarding the statute of limitations. In his latest version, Plaintiff notes that he is attempting to "fix[ ] defects" and "add new addresses and more damages." [Doc. 61].

**Applicable Standard**

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic

2

Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims. Bell Atlantic Corp., 550 U.S. at 556.

## Discussion

### I. Defendants' Motions to Dismiss

Defendants have filed motions asking this Court to dismiss Plaintiff's claims on various grounds. Both Defendants assert Plaintiff's claims should be dismissed for insufficient service of process and for failure to state a claim upon which relief may be granted. Sears also asserts Plaintiff's complaint is defective because of insufficiency of process. Plaintiff has filed several responses, and having considered Defendants' motions and Plaintiff's many responses, the Court **GRANTS** Defendants' Motions to Dismiss.

### A. Plaintiff's Amended Complaints

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments of pleadings before trial. The rule states that a "party may amend its pleading once as a matter of course" within 21 days after the pleading is served, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive

3

pleading or 21 days after service of a motion under Rule 12(b), (e), or (f) whichever is earlier." Fed. R. Civ. P. 15(a).  Otherwise, a party must seek leave of court or the opposing party's written consent to amend a pleading.  Id.

As noted above, Plaintiff has filed a total of five complaints in this case.  He filed his initial complaint on May 18, 2012, and filed an amended complaint shortly thereafter, on May 29, 2012 [Doc. 11].  This amended complaint would qualify as his one chance to amend "as a matter of course," and subsequently he was required to obtain leave of court or written consent of the Defendants to file his remaining complaints. Fed. R. Civ. P. 15(a)(1)(A).

Because he has failed to abide by the requirements of Rule 15, Plaintiff's last three attempts to amend his complaint are ineffective [Docs. 16, 22, 61].  Accordingly, all references to Plaintiff's complaint will refer to the amended complaint filed on May 29, 2012.  To the extent that Plaintiff's last three complaints may be construed as requests for leave to amend, they are **DENIED.**  Rule 15 provides that "a court should freely give leave [to amend] when justice requires." However, courts may deny leave to amend where the amendment would be futile.  Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009).  As discussed below, Plaintiff's many complaints fail to state viable claims and must fail as a matter of law. Therefore, allowing Plaintiff to amend his complaint would be futile.

4

### B. Insufficiency of Process

Sears asserts Plaintiff's Amended Complaint should be dismissed for insufficiency of process because Plaintiff's summons identified the wrong party, listing "Sears Roebuck and Co." as opposed to "Sears National Bank." The Court rejects this argument. Generally, a misnomer should only be grounds for dismissal where it produces "*actual confusion* as to the identity of the particular person." De Vos & Co. v. Gabe Corp., No. 90-1490-CIV-PAINE, 1991 WL 161363, at *1 (S.D. Fla. Aug. 12, 1991) (citation and quotations omitted). Sears has not shown that Plaintiff's failure to the correct entity created actual confusion. Accordingly, Plaintiff's complaint will not be dismissed for insufficiency of process.

### C. Insufficient Service of Process

Defendants argue that Plaintiff's claims should be dismissed for insufficient service of process. Plaintiff served each Defendant with a copy of the summons and complaint via certified mail. The Federal Rules of Civil Procedure state that a plaintiff may serve process on a corporation by delivering the summons and complaint to an officer or authorized agent, or by complying with any means allowed under the Georgia Civil Practice Act ("GCPA"). Fed. R. Civ. P. 4(h); O.C.G.A. § 9-11-4. Similarly, a plaintiff may serve an individual by delivering the summons and complaint to the individual or the individual's agent, or by complying with the GCPA. Fed. R. Civ. P.

5

4(e); O.C.G.A. § 9-11-4. None of these provisions provide for service by certified mail with return receipt.[1] Taylor v. Bailey, No. 1:06-CV-1729-TWT, 2006 WL 3191185, at *2 (N.D. Ga. Oct. 30, 2006); Dyer v. Wal-Mart Stores, Inc., 318 Fed. Appx. 843 (11th Cir. 2009). Although the GCPA provides for waiver of service by mail, Plaintiff's proof of service does not indicate that Plaintiff requested a waiver. O.C.G.A. § 9-11-4(d). For these reasons, Plaintiff's complaint must be dismissed.

### D. Failure to state a claim upon which relief may be granted

Even if the complaint had been properly served, the Court finds that Plaintiff's claims still warrant dismissal. As noted above, Plaintiff alleges violations of the FDCPA and the FCRA. However, despite the fact that Plaintiff has amended his complaint four times, he has failed to state a claim under either statute.

### 1. FDCPA Claim

Defendants assert Plaintiff's FDCPA claim should be dismissed because he failed to plead a prima facie case under the statute. To prevail on a FDCPA claim, a plaintiff must show that: "(1) [ ]he has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the Act; and (3) the defendant has engaged in a prohibited act or has

---

[1] The GCPA does provide for service on the Secretary of State via certified mail where a corporation cannot be served by other means. However, Plaintiff has not demonstrated compliance with this provision. O.C.G.A. § 9-11-4(e)(1).

failed to perform a requirement imposed by the FDCPA." Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) (citations omitted).

The Court affords pro se parties wide latitude when construing their pleadings and papers. S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). Although Plaintiff's Second Amended Complaint is unclear, when construed liberally, it appears to meet the basic requirements for pleading a prima facie FDCPA claim. Plaintiff does not identify Defendants specifically as "debt collectors," but he does note that they were trying to attempt to collect a debt, which he alleges he disputed. Plaintiff also states that Defendants continued to attempt to collect the debt even after he disputed it. Accordingly, the Court finds Plaintiff has sufficiently plead a prima facie case under the FDCPA.

Nevertheless, Plaintiff's FDCPA claim is subject to dismissal. Section 1692k(d) of the FDCPA provides that "[a]n action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Under the FDCPA, the statute of limitations begins to accrue the date immediately following an alleged violation of the statute. Maloy v. Phillips, 64 F.3d 607, 608 (11th Cir. 1995). Plaintiff alleges that he received notice of the alleged debt in 2005, and that he attempted to dispute the debt shortly thereafter. Consequently, the statute of limitations on Plaintiff's claim ran sometime in 2006 and his claim is now time-barred.

7

### 2. FCRA Claim

Plaintiff's claim under the FCRA is also time-barred. Section 1681p of the FCRA provides that:

> [a]n action to enforce any liability created under this subchapter may be brought . . . not later than the earlier of—(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p. As noted above, Plaintiff received information about the debt in 2005, and sometime after receiving that information, a judgment was entered against him in state court. Plaintiff asserts that he was not aware of the judgment against him until April or May of 2012. Presumably, Plaintiff is attempting to argue that because he only recently became aware of the judgment, the statute of limitations has not yet run based on § 1681p(1). However, Plaintiff clearly states that he was aware of the alleged debt he owed in 2005 and that he attempted to dispute the debt at that time. Thus, it appears that if there was a violation of the FCRA, it would have occurred in 2005, and the statute of limitations expired sometime in 2010. Plaintiff's FCRA claim must fail.

## II. Plaintiff's Motions

Plaintiff's Motion for the Defendants to Follow Rule 5 of Federal Rule [sic] of Civil Procedure [Doc. 50] and Motion for Treble (Triple) Damages for the Third Amended Complaint [Doc. 62] are **DISMISSED as moot.**

## Conclusion

For the foregoing reasons, Plaintiff's Motion for the Defendants to Follow Rule 5 of Federal Rule [sic] of Civil Procedure [Doc. 50] and Motion for Treble (Triple) Damages for the Third Amended Complaint [Doc. 62] are **DISMISSED as moot.** Defendants' Motions to Dismiss [Doc. 38 and 47] are **GRANTED** and Plaintiff's Second Amended Complaint is **DISMISSED with prejudice**.

SO ORDERED, this 21st day of August, 2012.

S/ C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

AES