IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ADOLFUS O'BRYAN GILES, : | |
| : | |
| Plaintiff, : | CASE NO. |
| v. : | 3:12-cv-65 (CAR) |
| : | |
| PHOENIX RECOVERY GROUP INC., : | |
| as assignee of Sears National Bank, : | |
| BRIDGERS, PETERS, KLEBER, : | |
| ATTORNEYS AT LAW, DANIEL F. : | |
| BRIDGERS, and SEARS ROEBUCK AND : | |
| CO., : | |
| : | |
| Defendants. : | |

## ORDER

Currently before the Court are several motions filed by Plaintiff Adolfus Giles: Motion to Set Aside Judgment [Doc. 67]; Motion for Leave to Appeal *In Forma Pauperis* [Doc. 69]; Motion for Jury Trial [Doc. 70]; Amended Motion for Jury Trial [Doc. 71]; Motion to Enforce the Plaintiff's Right to a Jury Trial [Doc. 72]; and Motion to Amend Judgment [Doc. 73]. After due consideration, the Plaintiff's motions are **DENIED.**

## Background

Plaintiff initially filed his complaint on May 18, 2012, alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. Plaintiff alleged that in 2005, he received information from Defendants for the purpose of collecting a debt involving

1

a Sears credit card.  Plaintiff alleged that he attempted to dispute the debt, but that a judgment was entered against him in state court for the amount of the debt.  In the span of a few months, Plaintiff amended his complaint four times [Docs. 11, 16, 22, and 61]. Defendants moved to dismiss Plaintiff's claims, and the Court entered an Order dismissing Plaintiff's claims for insufficient service of process and for failure to state a claim upon which relief could be granted [Doc. 65].

## Discussion

### A. Motion to Set Aside Judgment and Motion to Amend the Judgment

Plaintiff now asks this Court to set aside its prior Order, arguing that the Court lacked jurisdiction to dismiss Plaintiff's claims.  "As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal."  Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003).  A notice of appeal does not prevent a court from taking action "in furtherance of the appeal."  Id.  Thus, the Court may entertain the merits of Plaintiff's Rule 60(b) motion.

Plaintiff cites to subsections (1), (3), and (6) of Federal Rule of Civil Procedure. These provisions provide that a judgment may be set aside for: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  However, Plaintiff has failed to state any valid basis for setting aside this Court's judgment and merely reasserts the arguments made in his response to the

Defendants' motions to dismiss. Accordingly, his Motion to Set Aside Judgment [Doc. 67] is **DENIED.**

Plaintiff has also filed a Motion to Amend Judgment pursuant to Federal Rule of Civil Procedure 59. However, as noted above, he has not provided any valid basis for altering this Court's judgment. Thus, Plaintiff's Motion to Amend Judgment [Doc. 73] is **DENIED.**

Plaintiff has also filed a motion asking for a jury trial, but he has failed to state a valid claim that would entitle him to a jury trial. Bethel v. Baldwin Cnty. Bd. of Education, 371 Fed. Appx. 57, 62 (11th Cir. 2010) ("A plaintiff's right to a trial by jury is not violated when a court dismisses a case based on a matter of law before trial."). Therefore, Plaintiff's Motion for a Jury Trial [Doc. 70]; Amended Motion for a Jury Trial [Doc. 71] and Motion to Enforce the Plaintiff's Right to a Jury Trial are **DENIED.**

### B. Motion to Appeal *In Forma Pauperis*

This Court may authorize Plaintiff's request to proceed on appeal without the payment of fees pursuant to 28 U.S.C. § 1915(a)(1). However, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); see also Fed. R. App. P. 24(a)(3). "Good faith means that an issue exists on appeal that is not frivolous when judged under an objective standard." Spears v. Frazier, 2012 WL 1044318, *3 (S.D. Ga. March 28, 2012) (citing Coppedge v. United States, 369 U.S. 439, 445 (1962) and Busch v. Cnty of Volusia, 189

F.R.D. 687, 691 (M.D. Fla. 1999)).  A claim is frivolous if it is "without arguable merit either in law or fact." <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001).

As the Court noted in its prior Order, Plaintiff's complaint failed for two reasons: he failed to properly serve Defendants with process, and he failed to state a claim upon which relief could be granted.  Plaintiff's claims under the FDCPA and FCRA are barred by the statute of limitations, and thus any appeal would be frivolous.  Therefore, Plaintiff's Motion to Appeal *In Forma Pauperis* [Doc. 69] is **DENIED.**

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Set Aside Judgment [Doc. 67]; Motion for Leave to Appeal *In Forma Pauperis* [Doc. 69]; Motion for Jury Trial [Doc. 70]; Amended Motion for Jury Trial [Doc. 71]; Motion to Enforce the Plaintiff's Right to a Jury Trial [Doc. 72]; and Motion to Amend Judgment [Doc. 73] are **DENIED.**

SO ORDERED, this 7th day of September, 2012.

S/ C. Ashley Royal<br>
C. ASHLEY ROYAL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT

AES