IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ADOLFUS O'BRYAN GILES, : | |
| : | |
| Plaintiff, : | |
| v. : | |
| : | CIVIL CASE NO. |
| PHOENIX RECOVERY GROUP INC., : | 3:12-CV-65 (CAR) |
| as assignee of Sears National Bank, : | |
| BRIDGERS, PETERS, KLEBER, : | |
| ATTORNEYS AT LAW, DANIEL F. : | |
| BRIDGERS, and SEARS ROEBUCK AND : | |
| CO., : | |
| : | |
| Defendants. : | |

**ORDER DENYING PLAINTIFF'S THIRD MOTION TO
SET ASIDE JUDGMENT AND PRIOR ORDERS**

Currently before the Court is *pro se* Plaintiff Adolfus O'Bryan Giles's Third Motion to Set Aside Judgment [Doc. 80], a virtually identical Amended Motion [Doc. 81] with a Memorandum in Support [Doc. 82] thereof, and finally, an Amendment to his Amended Motion and Memorandum [Doc. 83]. Upon due consideration of the Plaintiff's requests, prior actions in this Court, and relevant legal authority, Plaintiff's Motion is again **DENIED**.

Plaintiff filed his initial complaint in this case on May 18, 2012, alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Specifically, Plaintiff

alleged that, in 2005, he received information from Defendants for the purpose of collecting a debt involving a Sears credit card.  Plaintiff further alleged that he attempted to dispute the debt, but that a judgment was entered against him in state court for the amount of the debt.  In the span of a few months, Plaintiff amended this complaint four times.[1]  Defendants then moved to dismiss Plaintiff's claims, and the Court entered an order dismissing Plaintiff's action for both insufficient service of process and for failure to state a claim upon which relief could be granted.  Plaintiff filed a notice of appeal on August 22, 2012, with an accompanying motion to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915.

With his action pending appeal, Plaintiff simultaneously moved this Court to set aside its judgment and honor his request for a jury trial.  His motion was summarily denied in the order that followed on September 7, 2012.  Therein, the Court pronounced that Plaintiff failed to state a valid basis for setting aside judgment because Plaintiff merely reasserted the same arguments from his response to the Defendants' motions to dismiss.  One month later, the Court reiterated this exact explanation in an order denying Plaintiff's second motion to set aside, which he filed only three days after the Court's previous decision.

Now, in his Third Motion, accompanying Amendment, Memorandum in Support thereof, and Amendment to the first Amendment and Memorandum, Plaintiff

---

[1] [Docs. 11, 16, 22, 61].

2

purports to detail "additional mistakes, inadvertences, surprises, excusable negects [sic], or other reasons that justifies [sic] relief to assist in the Judgment or Order to be Set Aside."[2]  Unfortunately, the only "new" feature of his Third Motion is Plaintiff's attempt to recharacterize his purported action under the Fair Debt Collection Practices Act ("FDCPA")[3] or the Fair Credit Reporting Act ("FCRA")[4] as a "tort."[5]  The remainder of the Third Motion corrects inconsequential stylistic or grammatical errors and provides yet another recitation of the arguments Plaintiff exhausted in his prior motions and responses to Defendants' motions to dismiss.  As this Court explained on two prior occasions,[6] Plaintiff fails to state a valid basis for setting aside the Court's judgment. Accordingly, his Third Motion is **DENIED**.

The Court concludes that, if left unchecked, Plaintiff will likely "repeat this Motion infinite [sic]" as he threatened in another case earlier this year.[7]  Although *pro se* litigants are held to a more lenient standard than formally trained lawyers, Plaintiff cannot flagrantly disregard the Federal Rules of Civil Procedure and impair this Court's

---

[2] [Docs. 80 at 2 and 81 at 2-3].
[3] 15 U.S.C. § 1692, *et seq.*
[4] 15 U.S.C. § 1681, *et seq.*
[5] [Doc. 80 at 6].
[6] *See Giles v. Phoenix Recovery Grp. Inc.*, No. 3:12-CV-65 (CAR), Doc. 76 (Sep. 7, 2012) (denying first motion to set aside judgment); *id.* at Doc. 79 (Oct. 15, 2012) (denying second motion to set aside judgment filed on September 10, 2012, and warning of possible future sanctions).
[7] *Giles v. Wal-Mart Stores East, L.P.*, No. 3:11-CV-164 (CAR) [hereinafter *Giles III*], Doc. 33 at 4 (Mar. 8, 2012).

ability to carry out its Article III functions.[8] The Court is not persuaded by Plaintiff's insubstantial assurances he is acting in "good [f]aith" when submitting these repetitive motions and amendments.[9] Plaintiff has consistently employed abusive filing practices in this Court,[10] and his present misconduct speaks louder than his declarations of good intent.

Therefore, Plaintiff is **HEREBY ORDERED TO APPEAR before this Court in Macon, Georgia on Thursday, November 1, 2012 at 10:00 AM and SHOW CAUSE** why he should not be sanctioned for his frivolous filings in this particular case. On that date, Plaintiff will also account for his vexatious filing history in *Giles v. Capitol One Bank*, et al., No. 3:12-CV-70 (CAR) and *Giles v. Wal-Mart Stores East, L.P.*, No. 3:11-CV-164 (CAR). Pending Plaintiff's explanation, the Court will determine if additional regulations are necessary to deter his future misconduct in accordance with the All Writs Act, 28 U.S.C. § 1651(a).[11]

---

[8] *See Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2008).

[9] [Doc. 83 at 6]; *see Giles v. Capitol One*, No. 5-12-cv-70 (CAR), Doc. 54 (Sep. 7, 2012) (denying first motion to set aside judgment); *id.* at Doc. 58 (Oct. 23, 2012) (denying second motion to set aside judgment filed on September 10, 2012, and warning of possible future sanctions).

[10] *See, e.g.*, *Giles v. Wal-Mart Stores East, L.P.*, No. 3:10-CV-42 (CDL), 2010 WL 4397008, at *4-5 (M.D. Ga. Nov. 1, 2010) (forewarning Plaintiff of future sanctions for failure to comply with the Federal Rules of Civil Procedure); *Giles III*, 2012 WL 385152, at *3 (M.D. Ga. Feb. 6, 2012) (imposing sanctions); *Phoenix Recovery Grp. Inc.*, No. 3:12-CV-65 (CAR), Doc. 79 (Sep. 7, 2012) (forewarning Plaintiff of future sanctions for abusive filing practices).

[11] *See Miller v. Donald*, 541 F.3d 1091 (11th Cir. 2010); *Smith v. Fla. Dept. of Corr.*, 369 F. App'x 36 (11th Cir. 2010).

**Conclusion**

For the foregoing reasons, and in accordance with the Court's previous Orders [Docs. 76 and 79], Plaintiff's Third Motion to Set Aside Judgment [Docs. 80, 81, 82, and 83] is **DENIED**.  Further, Plaintiff is **HEREBY ORDERED to APPEAR before this Court in Macon, Georgia on Thursday, November 1, 2012 at 10:00 AM and SHOW CAUSE** why he should not be sanctioned for persistently filing frivolous motions in this case.

**SO ORDERED,** this 24th day of October, 2012.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP/lmh